UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PHILLIP CAMILLO-AMISANO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>FELICIA PONCE, Warden,<br><br>　　　　　Respondent. | Case No. 2:21-cv-00072-ODW-JDE<br><br>ORDER TO SHOW CAUSE WHY GROUND THREE SHOULD NOT BE DISMISSED, AND THE REQUEST TO FILE A SECOND OR SUCCESSIVE § 2255 MOTION SHOULD NOT BE DENIED. |

**I.**

**INTRODUCTION**

On January 4, 2021, Petitioner Phillip Camillo-Amisano ("Petitioner"), a federal prisoner at FCI-Terminal Island proceeding pro se, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Section 2241" or "§ 2241"), alleging three grounds for relief, and also requesting permission to file a second or successive motion under 28 U.S.C. § 2255 ("Section 2255" or "§ 2255") to vacate, set aside, or correct the sentence. Dkt. 1 ("Petition").

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C.

§ 2254. See Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254). Accordingly, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief," the "judge must dismiss the petition." Habeas Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005).

Pursuant to Rule 4 of the Habeas Rules, the Court has conducted a preliminary review of the Petition and Petitioner's supplemental filings, and finds it appears Ground Three is subject to dismissal and the request to file a second or successive petition is unauthorized.

## II.
## PROCEDURAL HISTORY

In 2014, following his conviction for enticement of a minor, Petitioner was sentenced to a 300-month term of imprisonment to be followed by a 10-year term of supervised release by the United States District Court for the Northern District of Texas ("Northern District of Texas"). See Camillo-Amisano v. United States, 2017 WL 4325788, at *1 (N.D. Tex. Aug. 31, 2017), report and recommendation accepted by 2017 WL 4296763 (N.D. Tex. Sept. 26, 2017). Petitioner appealed the judgment, but the appeal was dismissed by the Fifth Circuit and his subsequent petition for a writ of certiorari was denied by the Supreme Court. Camillo-Amisano, 2017 WL 4325788 at *1. A second appeal was also dismissed. Id. In 2016, Petitioner filed a § 2255 motion that was denied with prejudice by the Northern District of Texas as untimely in 2017. Id. at *1-3.

On July 28, 2017, Petitioner filed a civil rights complaint in the United States District Court for the Northern District of California ("Northern District"). See Camillo-Amisano v. Fed. Bureau of Prisons, No. 17-6634, 2019

WL 8138040, at *1 (C.D. Cal. Oct. 4, 2019) ("2017 civil rights case"). On September 6, 2017, the Northern District transferred the case to this Court. Id. After various orders advising Plaintiff of defects in his pleadings and providing Plaintiff leave to amend, on May 28, 2019, Plaintiff filed a Sixth Amended Complaint ("6thAC"), alleging claims under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens") based on alleged actions at the United States Penitentiary – Lompoc relating to: (1) the handling and seizure of legal mail and the denial of access to the courts; (2) conditions of confinement and retaliation; and (3) denial of medical care. Camillo-Amisano, 2019 WL 8138040 at *1-2. On October 4, 2019, the undersigned issued a Report and Recommendation ("R&R"), recommending the 6thAC be dismissed with prejudice. Id. at *1-12. On November 12, 2019, the Court: (1) issued an order accepting and adopting the R&R and dismissing the action with prejudice; and (2) entered a Judgment of Dismissal. Camillo-Amisano v. Fed. Bureau of Prisons, 2019 WL 8137708 (C.D. Cal. Nov. 12, 2019). On December 6, 2019, the Court denied Petitioner's motion for reconsideration. Camillo-Amisano v. Fed. Bureau of Prisons, 2019 WL 9044604 (C.D. Cal. Dec. 6, 2019). On January 6, 2020, Petitioner appealed the judgment to the Ninth Circuit. See Camillo-Amisano v. Fed. Bureau of Prisons, No. 17-6634 (C.D. Cal.), Dkt. 47 (CM/ECF pagination); Camillo-Amisano v. Fed. Bureau of Prisons, No. 20-55038 (9th Cir.), Dkt. 1.[1]

      Meanwhile, on May 6, 2019, Petitioner filed in the Fifth Circuit a motion for an order authorizing a second or successive § 2255 motion. See In

---

[1] The Court takes judicial notice of the Ninth Circuit's docket and filings in the Public Access to Court Electronic Records ("PACER") database. See United States v. Raygoza-Garcia, 902 F.3d 994, 999 n.2, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); Fed. R. Evid. 201(b).

re Camillo-Amisano, No. 19-10512 (5th Cir.), Dkt. 1.[2] On June 7, 2019, the Fifth Circuit denied the motion for authorization. Id., Dkt. 4.

On August 19, 2019, Petitioner filed in the Fifth Circuit another motion for an order authorizing a second or successive § 2255 motion. See In re Camillo-Amisano, No. 19-10929 (5th Cir.), Dkt. 1. On January 2, 2020, the Fifth Circuit denied the motion for authorization. Id., Dkt. 8. The court noted the motion was Petitioner's "second meritless motion for authorization, and most of the claims and arguments raised in the instant motion [were] repetitive of, or substantially similar to, the challenges raised in his earlier motion for authorization." Id., Dkt. 8 at 2. Accordingly, the court warned that future frivolous, repetitive, or otherwise abusive filings would invite sanctions. Id.

On May 4, 2020, Petitioner, following his transfer to FCI-Terminal Island, filed a handwritten document titled "2241 Motion." See Camillo-Amisano v. United States, No. 20-4133 (C.D. Cal.), Dkt. 1 at 1 ("2020 § 2241 petition"). Petitioner alleged First and Eighth Amendment violations caused by the institution's handling of the COVID-19 virus, and requested release into Canadian custody under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136 (2020) ("CARES Act"). Id., Dkt. No. 1 at 2-5. The Court treated the filing as a habeas corpus petition under § 2241. Id., Dkt. No. 4 at 1. By Order dated May 7, 2020, the court summarily dismissed the petition, concluding: (1) the CARES Act did not authorize the relief Petitioner sought; and (2) the petition's conclusory references to First and Eighth Amendment violations, and allegations that prison officials restricted some of his communications, were not cognizable under Section 2241. Id., Dkt. 4 at pp. 4-7. The Court further declined to convert the petition into a civil

---

[2] The Court takes judicial notice of the Fifth Circuit's docket and filings in the PACER database. See Raygoza-Garcia, 902 F.3d at 999 n.2, 1001; Fed. R. Evid. 201(b).

action under <u>Bivens</u>. <u>Id.</u>, Dkt. 4 at 7-8. Accordingly, the petition was summarily dismissed, and judgment was entered against Petitioner on May 7, 2020. <u>Id.</u>, Dkt. 4 at 9, Dkt. 5.

Petitioner filed the instant Petition on January 4, 2021. <u>Camillo-Amisano v. Ponce</u>, No. 21-72 (C.D. Cal.), Dkt. 1. On January 15, 2021, Petitioner filed an unsolicited supplement to the Petition ("January 15 Supplement"). <u>Id.</u>, Dkt. 3. On January 27, 2021, Petitioner filed another unsolicited supplement to the Petition ("January 27 Supplement"). Dkt. 4. Also on January 27, Petitioner filed a request for extension of time to pay the filing fee. Dkt. 5.

## III.
## PETITIONER'S CLAIMS

1. Petitioner alleges he was deprived of good time credits in violation of due process because the Federal Bureau of Prisons ("BOP") will not expunge four of six incident reports he received for refusing to provide a urine sample. See <u>Camillo-Amisano v. Fed. Bureau of Prisons</u>, No. 21-72 (C.D. Cal.), Dkt. 1 at 6-7, 14-20. Petitioner explains that he has a medical condition which prevents urine flow in a timely fashion, and doctors placed a medical note in his file explaining he needs more time to urinate. <u>Id.</u>, Dkt. 1 at 7. He further alleges the BOP expunged two of the incident reports, but will not expunge the remaining four, which account for a loss of 121 days of good time credits. <u>Id.</u> He also explains that he pursued the issue through the administrative appeals process, but the prison would not address the medical issue. <u>Id.</u>

2. Petitioner alleges the prison's handling of COVID-19 has effectively changed his sentence to death in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. <u>Id.</u>, Dkt. 1 at 7. He alleges that the first wave of coronavirus infected over 90% of the prison population at FCI Terminal Island, and multiple inmates died. <u>Id.</u>, Dkt. 1 at 10.

He claims the second wave is causing even more infections, reinfections, and deaths. Id. He states that he has been tested six times but has not yet acquired the virus. Id. He alleges the Warden is attempting to establish herd immunity and she does not care if the inmates die. Id. He states that the Warden has refused to release inmates, but instead has been transferring them into smaller dorms to reduce social distancing and achieve herd immunity. Id. Petitioner further alleges prison officials do not follow CDC procedures, including mask wearing and socially distancing. Id., Dkt. 1 at 11. He alleges medical staff are not providing medical care and are refusing to test inmates. Id. Finally, he alleges that the lockdowns have precluded access to the law library, recreation, and caused food supply issues, such as the lack of fresh fruit and vegetables. Id.

  3. Petitioner alleges BOP employees have violated his First, Fifth, and Sixth Amendment rights by denying access to the courts. Id., Dkt. 1 at 7, 12. He presents a litany of issues the BOP allegedly prevented him from raising as a result of the interference, including ineffective assistance of counsel, actual innocence, and claims under Brady v. Maryland, 373 U.S. 83, 87 (1963) and United States v. Booker, 543 U.S. 220 (2005). Id., Dkt. No. 1 at 5, 12. He asks the Court to: "reduce his sentence, which will include replacing good time credits, to prevent any more cruel and unusual punishment cause[d] by the COVID-19 virus[,] and to correct the loss of relief from the Court due to BOP employees unlawful actions." Id., Dkt. 1 at 8. He further requests authorization to file a second or successive § 2255 motion. Dkt. 1 at 22-30.

  In the January 15 Supplement, Petitioner elaborates on his second claim for relief and also requests that his sentence be reduced to time served. Id., Dkt. 3 at 4-5, 19-20, 22. In the January 27 Supplement, Petitioner elaborates on his second and third claims, and "to enlighten the Court" provides an undated "draft" purportedly of one of his motions in the Fifth Circuit for an order authorizing a second or successive § 2255 motion, along with its supporting documentation.

## IV.
## DISCUSSION

A.   Claim Three is Subject to Dismissal

Claim Three is subject to dismissal for at least three reasons.

First, Petitioner presented a truncated version of Claim Three in his 2020 § 2241 petition. See Camillo-Amisano v. United States, No. 20-4133 (C.D. Cal.), Dkt. 1. The Petition referred to alleged violations of the First and Eighth Amendments arising from his treatment at FCI-Terminal Island and alleged generally that prison officials restricted some of his communications. Id., Dkt. 4 at 7. In its Order dismissing the 2020 § 2241 petition, Court explained:

> "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); see also Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) (habeas proceedings provide a forum to challenge the "legality or duration" of a prisoner's confinement). Habeas corpus is not available to challenge an inmate's conditions of confinement unless the conditions impact the legality or duration of the confinement. See Greenhill v. Lappin, 376 F. App'x 757, 758 (9th Cir. 2010) (federal prisoner's claim that prison officials retaliated against him by mishandling his legal mail not cognizable in habeas corpus).

Id.

Accordingly, under those authorities, the Court found the Petitioner's "allegations relate not to the fact or duration of Petitioner's confinement or the manner in which his sentence is executed, but instead relate to the conditions of his confinement and are thus not cognizable under Section 2241." Id. As with this prior attempt to raise the claim in a § 2241 petition, Petitioner has not explained here how Claim Three in the instant Petition is cognizable.

Second, in his 2017 civil rights case, Petitioner presented a claim that BOP officers violated his due process and First and Sixth Amendment rights because they denied him access to the courts by interfering with his legal mail and precluded him from raising legal issues in the Northern District of Texas and the Fifth Circuit. See Camillo-Amisano, 2019 WL 8138040 at *1, *3-7. The Court provided a detailed discussion of why each of his allegations failed to state a claim for relief, found the claim subject to dismissal in its entirety for multiple reasons, and dismissed the 6thAC without leave to amend. Id. at *3-7, *12. In the instant Petition, Petitioner seems to acknowledge he presented Claim Three in his 2017 civil rights case, stating he had "filed a claim for relief to hold the BOP employees accountable," but erroneously represents that "this Court has stated his civil [r]ight[s] case has merit." Camillo-Amisano v. Fed. Bureau of Prisons, No. 21-72 (C.D. Cal.), Dkt. 1 at 12. Petitioner has not explained how Claim Three in the instant Petition is different than the claim already adjudicated by this Court.

Third, and finally, Petitioner appealed the judgment in his 2017 civil rights case.[3] See Camillo-Amisano v. Fed. Bureau of Prisons, No. 20-55038 (9th Cir.), Dkt. 1. It would be improper for the Court to consider Petitioner's claim in light of his pending appeal. See, e.g., United States v. Deeb, 944 F.2d 545, 548 (9th Cir. 1991) (generally, when an appeal is pending, a district court should not entertain a habeas petition).

Thus, Claim Three is subject to dismissal as not cognizable and having been already adjudicated in this Court, with that ruling now pending on appeal.

---

[3] The Court notes that Petitioner filed an opening brief pro se, raising an issue substantially comporting with the claim the Court decided in his 2017 civil rights case and raised here. See Camillo-Amisano v. Fed. Bureau of Prisons, No. 20-55038 (9th Cir.), Dkt. 11 at 24-31. Petitioner's appeal has been stayed pending potential appointment of counsel. See id., Dtk. 21, 24.

8

B. <u>The Request to File a Second or Successive Motion is Unauthorized</u>

In general, Section 2255 is the exclusive procedural mechanism by which a federal prisoner can challenge the legality of his detention. See <u>Muth v. Fondren,</u> 676 F.3d 815, 818 (9th Cir. 2012) (citing <u>Stephens v. Herrera</u>, 464 F.3d 895, 897 (9th Cir. 2006)); <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1059 (9th Cir. 2003). By contrast, as mentioned, a section 2241 petition is the vehicle through which a federal prisoner challenges the manner, location, or execution of a sentence. See <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000). This general rule has a limited exception: "a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" <u>Hernandez</u>, 204 F.3d at 864-65 (quoting 28 U.S.C. § 2255); <u>see also</u> 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."). This exception is referred to as the "savings clause" or the "escape hatch." See <u>Harrison v. Ollison</u>, 519 F.3d 952, 956 (9th Cir. 2008); <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000). The exception is narrow and will not apply "merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition[.]" See <u>Ivy</u>, 328 F.3d at 1059 (as amended); <u>Lorentsen</u>, 223 F.3d at 953; <u>Moore v. Reno</u>, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam). Rather, "a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim."

Stephens, 464 F.3d at 898 (citation omitted).

The distinction between Section 2255 motions and Section 2241 petitions also has a jurisdictional component: Section 2255 motions must be heard in the federal district in which the prisoner was convicted and sentenced, while section 2241 petitions must be heard in the federal district in which the prisoner is confined. See Hernandez, 204 F.3d at 864-65. In cases where a custodial court receives a pleading from a federal prisoner that purports to be a section 2241 petition, but in fact seeks a form of relief generally only available under section 2255, that court must, as an initial matter, identify the true nature of the pleading so as to determine whether or not jurisdiction is proper. See id. at 865; see also FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) (federal courts are always "under an independent obligation to examine their own jurisdiction . . . .").

"A petitioner is generally limited to one motion under § 2255." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). To file a second or successive Section 2255 motion, a petitioner must seek certification from the appropriate court of appeals that a new section 2255 motion contains either newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2244(a), 2255(h).

Here, as noted, Petitioner was sentenced in the Northern District of Texas in 2014. See Camillo-Amisano, 2017 WL 4325788, at *1. In 2016, Petitioner filed a § 2255 motion that was denied by the Northern District of Texas as untimely in 2017. Id. at *1-3. Petitioner then sought authorization to file a second or successive § 2255 motion from the Fifth Circuit on two occasions, in 2019. See In re Camillo-Amisano, No. 19-10512 (5th Cir.); In re

Camillo-Amisano, No. 19-10929 (5th Cir.). The Fifth Circuit denied both requests, and it issued a sanctions warning following the second denial based on the repetitiveness of Petitioner's request. Id.

The Court has compared the Fifth Circuit requests to file a second or successive § 2255 motion with the request here, and the instant request alleges duplicative and substantially similar arguments already presented to, and rejected by, the Fifth Circuit. Compare Camillo-Amisano v. Fed. Bureau of Prisons, No. 21-72 (C.D. Cal.), Dkt. 1 at 22-30, with In re Camillo-Amisano, No. 19-10512 (5th Cir.), Dkt. 1, and In re Camillo-Amisano, No. 19-10929 (5th Cir.), Dkt. 1. The Court appears without authorization to issue an order allowing a second or successive § 2255 motion, see § 2255(h), and further inquiry into the matter would be an improper, out-of-circuit "'reverse review' of a ruling of the court of appeals by a district court." See Mullis v. U.S. Bankr. Ct., Dist. of Nev., 828 F.2d 1385, 1392-93 (9th Cir. 1987) (citations omitted); see also Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("a federal inmate [is prevented] from using § 2241 to call into question the validity of a . . . sentence that has already been subject to collateral review" (internal quotation marks omitted)).

## V.
## ORDER

Petitioner is therefore ORDERED TO SHOW CAUSE in writing within thirty (30) days of this Order explaining why Claim Three should not be dismissed because it is not cognizable on habeas corpus, it was already adjudicated in this Court, and it is pending on appeal. Petitioner shall also explain why his request to file a second or successive § 2255 motion should not be denied as improperly before this Court and thus unauthorized.

If, after review of this Order, Petitioner should decide not to further pursue Claim Three, he may voluntarily dismiss the claim. Similarly, if

Petitioner should decide not to pursue the request for a second or successive § 2255 motion in this Court, he may voluntarily abandon that request.

**The Court warns Petitioner that failure to timely file a response to this Order may result in the dismissal of this action for lack of prosecution, and/or failure to comply with a Court order.** See Fed. R. Civ. P. 41(b).

Dated: February 01, 2021

_____
JOHN D. EARLY
United States Magistrate Judge

12